IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROOF SERV LLC,

    Plaintiff,

        v.

RUTH & ASSOCIATES BUSINESS
SOLUTIONS LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-4937-TWT

## OPINION AND ORDER

This is an insurance dispute. It is before the Court on the Plaintiff Roof Serv LLC's Motion for Reconsideration [Doc. 150]. For the following reasons, the Plaintiff's Motion for Reconsideration [Doc. 150] is DENIED.

### I.  Background

This action arises out of damages that the Plaintiff Roof Serv LLC alleged it suffered by relying on various certificates of insurance ("COIs") issued by Defendant Ruth & Associates Business Solutions, LLC ("RABS") to a subcontractor of the Plaintiff, Spartans Crew Roofing, LLC ("Spartans"). (Compl. ¶¶ 14-49). On May 29, 2025, the Court denied the Plaintiff's Motion for Summary Judgment [Doc. 77] and granted Defendants RABS and Ruth Matsushita's Motion for Summary Judgment [Doc. 125]. (Op. and Ord. dated May 29, 2025, [Doc. 147] ("Order")). The Plaintiff has moved for reconsideration of that Order on several grounds that are further detailed in the discussion section below. [Doc. 150].

## II.  Legal Standards

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration under Rule 59(e) when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

While Courts may reconsider a final order under either Federal Rule of Civil Procedure 59(e) or 60, "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while "Rule 60 applies to motions for reconsideration of matters collateral to the merits." *Brown v. Synovus Fin. Corp.*, 783 F. App'x 923, 931 (11th Cir. 2019). Rule 60(b)(1) can apply when the Court makes a mistake of law, and Rule 60(b)(6)'s extraordinary circumstances provision can apply when no other provision justifies relief. *Kemp v. United States*, 596 U.S. 528, 533-34 (2022). The Plaintiff's arguments challenge the Court's assessment of the merits of her claims at the summary judgment stage, so Rule 59(e) is the proper vehicle for reconsideration. Nonetheless, in an abundance of caution, the Court will assess her challenges under both rules, to the extent either applies.

## III. Discussion

### A. Factual and Evidentiary Challenges

As an initial matter, much of the Plaintiff's argument hinges on her mistaken belief that the Court "refused to consider any of the factual assertions and evidence cited in Plaintiff's Statement in Opposition" based on the Court's determination that she failed to file her own statement of material facts in compliance with Local Rule 56.1(B). (*See* Pl.'s Mot. for Recons., at 2-3). The Plaintiff insists that she did in fact file a statement of material facts and that the Court nonetheless "treated the case as if Plaintiff had failed to contest

3

Defendants' factual narrative." (*Id.* at 2). The Plaintiff's assertion is false for two reasons.

First, as the Court stated in its Order, the Plaintiff did not file her own statement of material facts in compliance with Local Rule 56.1(B). That rule specifically requires respondents to a summary judgment motion to file *both* "[a] response to the movant's statement of undisputed facts" and "[a] statement of additional facts which the respondent contends are material and present a genuine issue for trial." LR 56.1(B)(2)(a), (b), NDGa. Despite labeling her filing as "Plaintiff's Statement of Material Facts," the document is plainly a response to the Moving Defendants' statement of material facts, which complied with LR 56.1(B)(2)(a). [*See* Doc. 137]. The Court has thoroughly reviewed the docket and confirmed that the Plaintiff never filed her own statement of additional material facts compliance with LR 56.1(B)(2)(b) in opposing the Moving Defendants' Motion for Summary Judgment.

Second, the Court did consider the Plaintiff's response to the Moving Defendants' statement of material facts, as evidenced by multiple citations to it throughout the Order, and at times accepted the Plaintiff's responses as true under LR 56.1(B). [*See, e.g.*, Order at 2-4]. Thus, the Plaintiff's contention that the Court "refused" to consider her response to the Moving Defendants' statement of material facts is disingenuous at best, and reconsideration is not warranted on that basis.

The Plaintiff's challenges to the Court's consideration of the record evidence are not proper grounds for reconsideration, either. The Plaintiff rehashes her position that the evidence she presented shows that Matsushita personally handled Spartans' insurance application, issued a COI using Chavarria's signature, and ratified Chavarria's "public representation as the company's CEO" on social media. First, the Court found in the Plaintiff's favor that Matsushita had handled Spartans' insurance application. (*See* Order at 2-3 (citing Pl.'s Resp. to Defs.' Statement of Material Facts ¶ 11). It is unclear why the Plaintiff is challenging a finding that the Court made in her favor.

Second, the Court considered the Plaintiff's signature and ratification arguments and disposed of them on grounds that the Plaintiff herself admitted that Chavarria issued the erroneous January 2023 COI and that there was no evidence showing the Plaintiff's reliance on any social media posts by the Moving Defendants that allegedly held Chavarria out as an employee. (*See id.* at 11-12). To that end, the Plaintiff seriously contends that the Court erred in concluding she admitted that Chavarria issued the January 2023 COI, contending that there is a genuine dispute as to whether another RABS employee, including Matsushita, may have issued it. The Court responds to this argument with a screenshot of the Plaintiff's admission that speaks for itself:

28. On January 18, 2023, Ms. Chavarria issued a certificate of insurance listing Plaintiff as a certificate holder and identifying Mr. Pelcasre's new Liberty Mutual policy (the "January 2023 COI")

**RESPONSE: Admitted.**

(Pl.'s Resp. in Opp'n to Defs.' Statement of Material Facts ¶ 28). The Plaintiff does not explain why the Court's disposition of these challenges in its Order constitutes manifest injustice, point to any previously unavailable evidence supporting her position, or otherwise address the Court's reliance ruling. *See Del. Valley Floral Grp., Inc.*, 597 F.3d at 1383. These challenges are nothing more than the Plaintiff's attempt to "repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338.

Third, the Plaintiff's contention that the independent contractor agreement presented by the Moving Defendants as an exhibit to their Motion for Summary Judgment was never provided during discovery comes too late; the Plaintiff failed to raise this challenge in her response in opposition to the Motion for Summary Judgment and instead challenged only the agreement's validity. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J.; *see also* Pl.'s Resp. in Opp. to Def.'s Statement of Material Facts ¶ 4). The Court cannot consider this argument for the first time on a motion for reconsideration. *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338 (providing that motions for

6

reconsideration are not a "vehicle to present new arguments or evidence that should have been raised earlier.").

## B. Legal Challenges

Next, the Plaintiff presents several challenges to the legal grounds that she believes the Court relied on in dismissing her claims, although her arguments hinge on various misstatements of the Court's Order. The Court will address each claim in turn.

### 1. Negligent Misrepresentation

As to this claim, the Plaintiff asserts that the Court erred in finding no reasonable reliance on a false representation, which is an essential element of a negligent misrepresentation claim. (Pl.'s Mot. for Recons., at 7-8). The Court made no such finding. Although the Moving Defendants raised a reasonable reliance argument, the Court did not need to address it because it found that the Plaintiff admitted Chavarria issued the January 2023 COI containing misrepresentations and the Moving Defendants were not vicariously liable for Chavarria's actions as an independent contractor. (Order at 14). And as to the December 2021 COI, the Court found no misrepresentation on the part of the Moving Defendants because that COI accurately reflected the Traveler's policy's effective dates at the time it was issued. (*Id.* at 13-14). The Plaintiff has not challenged this finding. Thus, there are no meritorious grounds for reconsidering the Court's findings as to the negligent misrepresentation claim.

7

### 2. Negligence Per Se and Promissory Estoppel

As to her negligence per se claim, the Plaintiff asserts that the Court erred in holding that O.C.G.A. § 33-24-19.1 does not create a private right of action, arguing instead that Georgia law permits reliance on the statute to set the standard of care for her negligence per se claim. This is an obvious misreading of the Court's ruling. The Court expressly stated that O.C.G.A. § 51-1-6—the statute the Plaintiff references—permits injured parties to recover for the breach of a legal duty laid out elsewhere in the law. (Order, at 15-16). In other words, the Plaintiff argues in favor of a determination that the Court already made in the Order. But the Court went on to find that O.C.G.A. § 33-24-19.1 "does not impose any statutory duty of reasonable care of accuracy in issuing COIs on insurance agents or agencies," which was the basis of its dismissal of the Plaintiff's negligence per se claim. (Order, at 16). The Plaintiff does not address that finding in her Motion for Reconsideration.

As to promissory estoppel, the Plaintiff argues that the issuance of a COI represents "a promise to any certificate holder that the described insurance was in place for the period stated." (Pl.'s Mot. for Recons., at 12-13). The Plaintiff did not raise this argument, or any argument for that matter, against the Moving Defendants' challenge to her promissory estoppel claim in response to their Motion for Summary Judgment—the words "promissory estoppel" do not appear a single time in her brief. The Plaintiff cannot

challenge the Moving Defendants' position on this claim for the first time on reconsideration. *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338 (noting that motions for reconsideration may not be used to present arguments "that should have been raised earlier."). Thus, there is no basis to reconsider the Court's dismissal of the Plaintiff's negligent misrepresentation and promissory estoppel claims.

### 3. Vicarious Liability and Apparent Authority

The Plaintiff next challenges the Court's rulings as to her vicarious liability and apparent authority theories on the ground that the Court mistakenly failed to consider her response to the Moving Defendants' statement of material facts. (Pl.'s Mot. to Recons., at 13-15). She points to paragraphs three and four of her response, which cite to two snippets of Matsushita's deposition testimony and interrogatory answers evincing contradictory statements about the dates of Chavarria's employment with RABS. (*See* Pl.'s Resp. in Opp. to Def.'s Statement of Material Facts ¶¶ 3-4). Based on these cites and others cited only in her brief and not provided in either her response to the statement of material facts or an additional statement of material facts, the Plaintiff asks the Court to reweigh the evidence and come to a different conclusion on its vicarious liability and apparent authority rulings. Again, this is an improper use of a motion to reconsider. *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338.

Similarly, the Plaintiff argues that the Court "effectively accept[ed] the Ruth Defendants' characterization of Defendant Chavarria as an independent contractor," which was fatal to her vicarious liability and apparent agency theories. (Pl.'s Mot. to Recons., at 13-14). The Court addressed the contradictory deposition evidence the Plaintiff recites in its Order in addition to explaining why the Plaintiff had not properly rebutted the Moving Defendants' provision of Chavarria's independent contractor agreement, which meant no genuine dispute of material fact existed as to that issue. (Order at 2 & n.2). That is a determination that the Court is permitted to make at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986) (providing that the party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (providing that the burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists). The Plaintiff has not given the Court a valid reason to reconsider this ruling. While the Plaintiff is correct that the question of agent versus independent contractor is typically a jury question if there is reasonable evidence creating a factual dispute, the Plaintiff failed to properly cite and present her evidence on this issue (among others) in defending against the Moving Defendants' Motion for Summary Judgment by failing to comply with various subsections of Local

10

Rule 56.1(B)(2). Therefore, the Court considered only the evidence that was properly before it. For all these reasons, reconsideration is not warranted as to the Plaintiff's vicarious liability and apparent agency theories of relief.

### 4. Rule 60(b)(6) Relief

Desperately grasping at one last straw, the Plaintiff argues that Rule 60(b)(6)'s "extraordinary circumstances" provision applies due to "the combined effect of the errors and the resulting injustice." (Pl.'s Mot. to Recons., at 5-6). This provision can apply when no other provision justifies relief. *Kemp*, 596 U.S. at 533-34. However, as the Court has determined no manifest errors of law or fact exist in its Order and that summary judgment was properly granted in the Moving Defendants' favor, it necessarily follows that no such extraordinary circumstances exist. Accordingly, the Plaintiff's Motion for Reconsideration will be denied on this basis as well.

## IV. Conclusion

For the foregoing reasons, the Plaintiff Roof Serv LLC's Motion for Reconsideration [Doc. 150] is DENIED.

SO ORDERED, this ___24th___ day of October, 2025.

THOMAS W. THRASH, JR.
United States District Judge